**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JIMMIE VANCE GRUBBS, | : | Civil Action No. 13-2085 (JBS) |
|  | : |  |
| Petitioner, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| JORDAN R. HOLLINGSWORTH, | : |  |
|  | : |  |
| Respondent. | : |  |

**SIMANDLE**, District Judge:

   Petitioner Jimmie Vance Grubbs, a prisoner confined at the F.C.I. Fort Dix, Fort Dix, New Jersey, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence rendered by the United States District Court for the Western District of North Carolina ("WDNC"). [Docket Item No. 1.]  The petition clarified that Petitioner is in the process of challenging his conviction by means of a Section 2255 motion filed with the WDNC two years ago. See id. at 4, 6; see also Grubbs v. USA, Civil Action No. 11-0125 (RJC) (WDNC), Docket Item No. 1 (filed on Mar. 11, 2011).[1]  The petition within reiterated Petitioner's § 2255 challenges raised before the WDNC, supplemented the same with new claims attacking

---

[1] On November 20, 2012, the Court of Appeals for the Fourth Circuit denied Petitioner's mandamus application seeking a speedier resolution of his Section 2255 challenges. See Grubbs v. USA, Civil Action No. 11-0125 (RJC) (WDNC), Docket Item No. 9, at 2 ("we find the present record does not reveal undue delay").

Petitioner's conviction and sentence and requested mandamus relief.  See Docket Entry No. 1.

This Court is without jurisdiction to entertain Petitioner's § 2241 challenges.  A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 motion.  See 28 U.S.C. §2255(a).  A § 2255 motion must be filed in the sentencing court, which in this case is the WDNC. See id.  True, there is an exception to the requirement that a conviction or sentence be challenged under § 2255 where the remedy would be "inadequate or ineffective."  28 U.S.C. § 2255(e); see In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). This, however, occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his claims. Cradle v. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  The remedy's inefficacy, rather than a prisoner's inability to use it or to obtain it in a speedier fashion, is determinative.  See id. Here, the § 2255 remedy is neither inadequate nor ineffective for the purposes of challenging Petitioner's conviction or sentence. Thus, this Court is without § 2241 jurisdiction to entertain the petition.  Moreover, this Court, holding no appellate mandate over the WDNC, is without power to issue Petitioner a writ of mandamus directing a speedier resolution of his § 2255 action. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271,

2

289 (1988) ("The federal courts traditionally have used the writ only to confine an *inferior* court to a lawful exercise of its prescribed jurisdiction") (emphasis added).  Finally, since the Court of Appeals for the Fourth Circuit denied Petitioner mandamus relief only four and a half months ago, this Court finds it not in the interests of justice to forward the petition to the Fourth Circuit.[2]

For the foregoing reasons, the petition will be dismissed for lack of § 2241 jurisdiction or mandamus power.

An appropriate Order follows.

*s/ Jerome B. Simandle*
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated:  **April 10, 2013**

---

[2] The Court's election does not bar Petitioner from filing another mandamus application with the Fourth Circuit on Petitioner's own.